# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

October 15, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**WILMA STEELE,**
**Claimant Below, Petitioner**

**vs.)   No. 13-0267** (BOR Appeal No. 2047631)
                     (Claim No. 2011028500)

**MINGO COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Wilma Steele, by John C. Blair, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Mingo County Board of Education, by Lisa W. Hunter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 27, 2013, in which the Board affirmed an August 31, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's March 23, 2011, decision rejecting Ms. Steele's application for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Steele worked as an art teacher for Mingo County Board of Education. Ms. Steele alleges that on February 16, 2011, she had been cleaning up a storage room before school began that day. During first period, she felt ill and stood up. She then became dizzy and her knee buckled causing her to fall. She allegedly injured her spine, left shoulder, and right knee. Ms. Steele filed an application for workers' compensation benefits. The claims administrator rejected

1

Ms. Steele's application for workers' compensation benefits because it did not arise out of the course and scope of her employment.

The Office of Judges affirmed the claims administrator's decision and found the claim to not be compensable. The Board of Review affirmed the Order of the Office of Judges. On appeal, Ms. Steele disagrees and asserts that she was feeling fine before work but as a result of having to clean the storage room became ill. She further asserts that when she stood up, her knee buckled causing her to fall. She argues that she had no prior history of dizziness. Mingo County Board of Education maintains that Ms. Steele's second report of injury described her injury as merely falling after standing up and becoming dizzy and the physician, who completed the form, diagnosed her with syncope, dehydration, and sinusitis. Mingo County board of Education further maintains that the medical records reveal an onset of symptoms three weeks ago and that she did not fall as a result of her employment.

The Board of Review was correct to affirm the Order of the Office of Judges. The Office of Judges found the claim was not compensable. Ms. Steele testified that she was sitting at her desk when she got "real sick". She then stated that she stood up and felt dizzy. Her knee buckled causing her to fall and land on her right knee and arm. The records from the emergency room listed the chief complaint as syncope and abdominal pain with nausea and dizziness for one week. The Office of Judges concluded that Ms. Steele's fall resulted from her getting sick and becoming dizzy upon standing. The Office of Judges further concluded that even though Ms. Steele was at work when she became ill and fell, it did not occur as a result of her employment.

We agree with the reasoning and findings of the Board of Review and the Office of Judges. Ms. Steele was merely at work when she became ill and fell. Ashen Ali, M.D., noted a medical history of Ms. Steele having experienced nausea and dizziness for about three weeks at the time of the incident, and the records from the emergency room stated that Ms. Steele had one week of abdominal pain with nausea and dizziness. Ms. Steele has failed to prove she has suffered an occupational injury or disease, and therefore, her claim is not compensable.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: October 15, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II